# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>OCEAN PLACE DEVELOPMENT LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 11-14295 (MBK) |
| OCEAN PLACE DEVELOPMENT LLC,<br><br>　　　　　Plaintiff,<br>v.<br><br>AFP 104 CORP.,<br>　　　　　Defendant. | Adv. Pro. No. 11-_____ (MBK) |

## BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. §§ 105(a) & 362(a)

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
John K. Sherwood, Esq. (JS 2453)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the Plaintiff*

25267/3
10/27/2011 17169924.4

## INTRODUCTION

Plaintiff, Ocean Place Development LLC, (the "**Plaintiff**" or "**Debtor**"), as debtor and debtor-in-possession in the above referenced chapter 11 case (the "**Chapter 11 Case**"), and plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), brings this action pursuant to section 105(a) and 362(a) of the Bankruptcy Code to enjoin AFP 104 Corp. (the "**Defendant**"), from continuing its state court action against William R. Dixon, Jr., Tiburon Capital LLC, Tiburon Ocean Place, LLC, David L. Orr, and Orr Partners, LLC (the "**Guarantors**"), guarantors of Plaintiff's obligations to Defendant.

This Adversary Proceeding requests a temporary injunction enjoining the Defendant from continuing its action against the Guarantors, an action pending in the Supreme Court of the State Court of New York under Index No. 650436/2011 (the "**State Court Action**"), pending the confirmation of the Debtor's proposed plan of reorganization under chapter 11 of the Bankruptcy Code. The temporary injunction will (i) permit the Debtor to prosecute its chapter 11 plan to confirmation through the use of funds provided by third parties (the "**Plan Funders**"), (ii) enable the Debtor and the Court to determine the amount of Defendant's claim against the Debtor (and thus the Guarantors) and (iii) enable the Guarantors to devote their attention to the Debtor's bankruptcy case and proposed plan of reorganization. Moreover, the equities weigh decidedly in favor of the injunction. It is simply unfair to permit a secured creditor with whom the Debtor is currently engaged in mediation and whose claim is disputed to obtain a judgment against the Guarantors that will affect the Debtor's reorganization efforts. Because the Debtor's plan proposes to pay Defendant's claim in full over time based on a claim amount as determined by this Court, Defendant should not be permitted to utilize the State Court Action to obtain a judgment against the Guarantors in an amount that differs from the amount determined by this Court which could then be asserted by the Guarantors against the Debtor by the virtue of indemnity obligations in the Debtor's operating agreement, as reflected in

the Guarantors' proofs of claims filed against the Debtor in the Chapter 11 Case. Simply put, the State Court Action should be frozen in time to permit the Debtor to reorganize.

The relief sought by Plaintiff is extremely limited; to temporarily stay the enforcement of personal "bad boy" guarantees of the Guarantors pending the confirmation of a Plan, which should occur within ninety (90) days. Upon confirmation of a Plan, the Debtor will be required to repay its obligations to Defendant in full over time and the State Court Action will be stayed for as long as the Debtor meets its obligations under the Plan. Thus, the Guarantors' obligations to Defendant will be satisfied by and through the Debtor's Plan of reorganization. In no way is the relief sought drastic or novel. The impending entry of judgment against the Guarantors may irreparably harm the Debtor's reorganization efforts.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Verified Complaint commencing this Adversary Proceeding for its statement of facts.[1]

## BASIS FOR RELIEF

I.  **DEBTOR IS ENTITLED TO INJUNCTIVE RELIEF TEMPORARILY ENJOINING THE PROSECUTION OF CLAIMS AGAINST THE GUARANTORS UNDER BOTH TRADITIONAL EQUITABLE STANDARDS AND BY STATUTE TO MAINTAIN THE *STATUS QUO* PENDING RESOLUTION OF THE CHAPTER 11 CASE.**

The Debtor respectfully requests that this Court enter an Order, pursuant to Section 105(a) and/or 362(a) of the Bankruptcy Code, temporarily enjoining the Defendant from pursuing to judgment the State Court Action or otherwise seeking to enforce its judgment against the Guarantors, who are innocent victims (parties to "bad boy" guarantees), having done nothing other than support the Debtor. The Guarantors' guaranty obligations have materialized only

---

[1] Fed.R. Civ.P. Rule 65(b)(1)(A) specifically authorizes the use of a Verified Complaint in lieu of an Affidavit or Declaration.

because the Debtor sought chapter 11 protection to protect and preserve its assets for the benefit of all creditors and stakeholders. Due to the Debtor's duty to indemnify the Guarantors as asserted by the Guarantors in their proofs of claims filed in the Chapter 11 Case, any judgment obtained by Defendant against the Guarantors really is a judgment against the Debtor. Also, the plan of reorganization currently proposed by the Debtor is based on third-party funding, which in turn is contingent on the non-enforcement of the guarantees. The Defendant has refused the Debtor's request to temporarily put a stop to its litigation against the Guarantors so that Defendant and the Debtor may continue to pursue mediation in the Chapter 11 Case and the Debtor may seek confirmation of its proposed plan that proposed to repay the Defendant in full.

The Debtor has taken great steps to stabilize its operations and is making strides toward confirming a plan of reorganization and successfully emerging from bankruptcy. The Defendant's claim against the Debtor, to the extent allowed, will and should be treated in accordance with the Bankruptcy Code because such claim is a claim solely against the Debtor stemming from the Debtor's borrowings of funds from Barclays. Defendant's filing and the continued prosecution of the State Court Action against the Guarantors is aimed to derail the Debtor's reorganization efforts by cutting off the Debtor's access to third-party funding and potentially liquidating the amount of Defendant's claim against the Debtor in a foreign forum.

Plaintiff's request for a temporary injunction stems from events that have occurred over the last two (2) months. Based on the filing date of the Debtor's Plan in July 2011, the Chapter 11 Case was on track for confirmation in September 2011. The Debtor's Plan contains a temporary injunction related to the State Court Action which would have made this Adversary Proceeding unnecessary. The Debtor's Plan would also reduce if not completely eliminate the Guarantors' obligations to Defendant. However, based on Defendant's opposition to the Plan, the Court terminated the Debtor's exclusivity period and allowed Defendant to file its own plan. The Debtor and Defendant also agreed to engage in mediation and the parties, through the assistance of the mediator, are trying to resolve their disputes. Defendant filed its

proposed plan of liquidation on September 12, 2011 [Docket No. 270]. Defendant's plan provides a mechanism for Defendant to acquire the Debtor's property by way of credit bid of its secured claim providing virtually no distribution to other creditors.

This Court's injunctive powers arise under Section 105(a) of the Bankruptcy Code which provides, in relevant part, that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . .

11 U.S.C. § 105(a).

Courts uniformly hold that section 105(a) confers power on the Bankruptcy Court to enjoin a debtor's creditors from proceeding against non-bankrupt third parties in appropriate cases. *In re Zenith Laboratories, Inc.*, 104 B.R. 659, 664-65 (D. N.J. 1989); *In re Lazarus Burman Assoc.*, 161 B.R. 891, 898 (Bankr. E.D. N.Y. 1993); *In re North Lake Building Partners*, 41 B.R. 231, 233 (N.D. Ill. 1984); *In re Otero Mills, Inc.*, 25 B.R. 1018, 1020 (D. N.M. 1982) (and cases cited therein). Courts exercise this broad injunctive power to promote the orderly reorganization of a debtor's estate, *Lazarus Burman*, 161 B.R. at 898, and to prevent creditors from exerting negative influence or pressure on the estate through a third party. *In re Swann Gasoline Co.*, 62 B.R. 13 (Bankr. E.D. Pa. 1986). This case presents the appropriate circumstances for this Court to exercise the equitable powers granted to it under section 105(a). In particular, it is plainly inequitable to subject a guarantor of the Debtor's debt -- especially when the obligations arises under a "bad boy" guaranty that is trigger when the borrower seeks the protection of the Bankruptcy Code -- to litigation and judgment when the Debtor's proposed plan provides for the repayment in full of Defendant's claim giving rise to the guaranty obligations. Moreover, by prosecuting the State Court Action to judgment, the Defendant really is attempting to gain control over property of the Debtor's estate, because any recovery received by the Defendant from Guarantors will be reimbursed by the Debtor pursuant to its indemnification obligations.

Bankruptcy courts may enjoin litigants from prosecuting claims against non-debtor parties when the pursuit of such claims imposes a burden and drain on a debtor and interferes with its ability to reorganize. *Zenith Laboratories*, 104 B.R. at 664-66; *In re Hurst Lincoln-Mercury*, 72 B.R. 747, 748 (Bankr. S.D. Ohio 1987); *In re Baldwin United Corp.*, 57 B.R. 759, 766-70 (Bankr. S.D. Ohio 1985). When actions against a non-debtor third party threaten a debtor's reorganization, those actions may be stayed. *Lazarus Burman Assoc.*, 161 B.R. at 891; *Otero Mills*, 25 B.R. at 1021-22.

Numerous courts have enjoined actions against a non-debtor third party where that party's time and attention was necessary to the debtor's reorganization. *Lazarus Burman Assoc.*, 161 B.R. at 898. For example, in *Zenith*, the United States District Court for the District of New Jersey upheld an order enjoining litigation against a corporate debtor's non-debtor directors and officers because failing to stay the actions "against co-defendants unconnected with the debtor at [the] time would cause the debtor irreparable harm." *See In re Zenith Laboratories, Inc.*, 104 B.R. at 665. The court stated that to distract the non-debtor parties with "time-consuming depositions and burdensome document requests" would distract them "from the important business of getting the debtor back on its feet." *Id.* at 665.

Similarly, in *McCartney v. Integra National Bank North*, the United States Court of Appeals for the Third Circuit extended the automatic stay to a non-debtor corporate defendant for a mortgage deficiency claim where the debtor was a guarantor on the mortgage. *McCartney v. Integra National Bank North*, 106 F.3d 506, 511 (3d Cir. 1997). The Third Circuit noted that courts have extended the automatic stay to non-debtor third parties that are essential to a debtor's reorganization efforts. *McCartney*, 106 F.3d at 510. Furthermore, in the case of *In re Johns-Manville Corp.*, 26 B.R. 420 (Bankr. S.D.N.Y. 1983), *aff'd*, 40 B.R. 219 (S.D.N.Y. 1984), *rev'd on other grounds*, 41 B.R. 926 (S.D.N.Y. 1984), the bankruptcy court issued a stay of litigation against the debtor's insurance carriers because not extending the stay "would interfere with, deplete or adversely affect property of Manville's estates or which would frustrate the statutory

scheme of Chapter 11 or diminish Manville's ability to formulate a plan of reorganization." *Id.* at 436; see also *In re Lomas Financial Corp.*, 117 B.R. 64 (S.D.N.Y. 1990) (upholding bankruptcy court order staying litigation against corporate debtor's officers). Similarly, the court in *In re Third Eighty-Ninth*, 138 B.R. 144 (S.D.N.Y. 1992), held that an injunction should be issued where the action, if not enjoined, "would detract from the invaluable time and attention the non-debtor third party would otherwise devote to the continued operation of the debtor's business or the reorganization effort . . . ." *Id.* at 147. Here, permitting the Defendant obtain a judgment against the Guarantors and then to enforce that judgment would deplete the Debtor's estate because, due to the Debtor's obligation to indemnify the Guarantors, the judgment is tantamount to a judgment against the Debtor.

In determining whether an injunction under section 105(a) should be issued, courts have applied the test for granting a preliminary injunction set forth in Fed. R. Bankr. P. 7065, which applies to this proceeding through Fed. R. Civ. P. 65. *See Zenith Laboratories, supra*. Thus, the Court must consider and balance the following factors:

> 1. the likelihood that the Debtor will suffer irreparable injury if the preliminary injunction is not granted;
>
> 2. whether the Debtor has a reasonable probability of success on the merits;
>
> 3. the balancing of hardships to the respective parties; and
>
> 4. whether the issuance of the preliminary injunction is in the public interest.

*See In re Zenith Laboratories, Inc.*, 104 B.R. at 665.

Numerous courts have tailored these requirements to the particular exigencies of a bankruptcy case, restating the requirements as follows:

> 1. whether the estate or the debtor's ability to reorganize will suffer irreparable harm;

> 2. whether there is a reasonable likelihood of a successful reorganization;
>
> 3. whether the balance of harms weighs in favor of the debtor; and
>
> 4. whether the public interest in the debtor's successful reorganization outweighs other societal interests.

2 *Colliers on Bankruptcy* ¶ 105.02[2] (15th ed. revised 1996); *In re Monroe Well Service, Inc.*, 67 B.R. 746, 752-53 (Bankr. E.D. Pa. 1986); *See also Third Eighty-Ninth*, 138 B.R. 144, 147 (S.D. N.Y. 1992) (stay should issue where the proceeding would impact and impair the debtor's reorganization) and cases cited therein.

The element of irreparable harm (although irreparable harm clearly exists in the case at bar) is not required in order to issue a preliminary injunction under section 105 of the Code. *In re Keene Corp.*, 1994 Bank. Lexis 4 (Bankr. S.D.N.Y. 1994)(Unreported decision), *citing, In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y. 1987) ("Since injunctions in bankruptcy cases are authorized by statute, the usual equitable grounds for relief, such as irreparable damage, need not be shown"); *C & J Clark America v. Carol Ruth, Inc.*, 92 B.R. 87, 92 (Bankr. S.D.N.Y. 1988). Rather, the Court can enjoin an activity that threatens the reorganization process. *Keene, supra, citing, Alert Holdings, Inc. v. Interstate Protective Services, Inc.*, 148 B.R. 194, 200 (Bankr. S.D.N.Y. 1992), *citing, LTV Steel Company, Inc. v. Bd. of Educ. (In re Chateaugay)*, 93 B.R. 26, 29 (Bankr. S.D.N.Y. 1987)(emphasis supplied).

The traditional standards for granting a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 are made applicable to adversary proceedings pursuant to Bankruptcy Rule 7065. Accordingly, the party requesting a preliminary injunction must generally establish:

> a substantial likelihood that movant will prevail on the merits;
>
> that movant will suffer irreparable injury unless an injunction is issued; and
>
> that the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party.

*See e.g., Malloy, et al. v. Metropolitan Transp. Author.*, 1996 U.S. App. Lexis 23226 (Dkt. No. 96-7789 (2d Cir. 9/5/96); *Waldman Publishing Corp. v. Landoll, Inc.*, 43 F.3d 775, 779-80 (2d Cir. 1994); *New York Path & X-Ray Lab., Inv. v. Immigration & Naturalization Service*, 523 F.2d 79, 81 (2d Cir. 1975); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam); *In re Feit & Drexler, Inc.*, 760 F.2d 406, 415 (2d Cir. 1985); *Abdul Wali v. Coughlin*, 754 F.2d 1015 (2d Cir. 1985); *Procter & Gamble Co. v. Chesebrough-Pond's Inc.*, 747 F.2d 114, 118 (2d Cir. 1984).

Here the situation not only meets all of the *Zenith Laboratories, supra*, requirements, but has the added feel of bad faith or an intentional abuse of the judicial process to harass the Guarantors solely to garner an advantage over other creditors in the Chapter 11 Case. The issuance of the requested injunction against the Defendant is appropriate under these circumstances.

The Debtor also seeks a temporary injunction against the State Court Action in its proposed plan of reorganization. Injunctions in favor of guarantors of the debtor's obligations, in particular temporary injunction like the one sought here, are common. *See In re Tribeca Lofts, LP*, 2011 WL 3878369 (Bankr. S.D. Tex. Aug. 30, 2011) (restricting actions against guarantors); *In re Gander Partners LLC*, 432 B.R. 781 (Bankr. N.D. Ill. 2010) (issuing preliminary 120-day injunction against guarantor lawsuits), *aff'd*, 442 B.R. 883 (N.D. Ill. 2011); *In re Philadelphia Newspapers, LLC*, 407 B.R. 606 (E.D. Pa. 2009) (affirming the grant of an injunction in favor of non-debtors under section 105(a) and 362(a)); *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R. 109, 114-18 (Bankr. N.D. Tex. 2002) (temporary injunction of actions against guarantor permissible because necessary to reorganization); *In re Seatco, Inc.*, 257 B.R. 469, 474-478 (Bankr. N.D. Tex. 2001) (same). Here, the injunction is necessary to reorganization because (i) it will prevent potential large indemnity claims of the Guarantors against the Debtor, (ii) the Debtor will need the Guarantors' uninterrupted involvement in its business, and (iii) the injunction is a condition of the $7 million capital contribution under the Capital Contribution

Agreement annexed to the Verified Complaint as Exhibit "C".[2] For Mr. Dixon specifically, the temporary injunction will enable him to continue devoting substantial time to the Debtor's reorganization efforts. By way of example, in the last eight (8) (since the Petition Date), Mr. Dixon has devoted countess hours to the Chapter 11 Case by attending depositions conducted by Defendant, attending and testifying before the Court in support of various reliefs sought by the Debtor and working closely with the Debtor's management company to ensure an uninterrupted operation of the resort. Mr. Dixon has done so without compulsion by or compensation from the Debtor.

The preliminary injunctive relief sought by Plaintiff, with regard to Defendant, consists of fashioning relief, pending the confirmation of a plan of reorganization, to protect and preserve the interests of the Plaintiff so that Plaintiff can confirm a plan of reorganization currently on file with the Court [Docket No. 269].

### A.     The Debtor Will Be Irreparably Harmed If The Injunction Is Not Issued.

It is beyond dispute that, to the extent the Defendant's alleged claim is valid, the Debtor is the party responsible for such claim. Thus, the judgment against the Guarantors is tantamount to a judgment against the Debtor. All proceeds obtained by the Defendant from the Guarantors, apart from being grossly inequitable, will be paid by the Debtor because of the Debtor's duty to indemnify the Guarantors.

Defendant's continued efforts to prosecute the State Court Action against the Guarantors absent an injunction will diminish Plaintiff's prospects for successfully reorganizing and will interfere with or deplete the Debtor's bankruptcy estate resulting in irreparable harm to the Debtor and all creditors because, among other reasons:

---

[2] Although the commitments under the Capital Contribution Agreement were contingent on the Court's approval of the Debtor's plan by October 7, 2011, the Debtor understands that the Plan Funders have agreed to extend that deadline.

(a) the Debtor's bankruptcy estate will be severely depleted by satisfying indemnification claims asserted by the Guarantors;

(b) Defendant's claims could and must be resolved in this Court in accordance with the Bankruptcy Code;

(c) The Debtor may be subject to <u>res judicata</u> and collateral <u>estoppel</u> in respect of Defendant's claims in the State Court Action due to the imposition of the automatic stay and the fact that the Debtor did not appear or otherwise assert rights, claims or defenses in the State Court Action;

(d) It would be inequitable to subject the Guarantors to legal jeopardy in connection with the Defendant's claims against the Debtor; especially where the Debtor's plan of reorganization proposed to repay in full all of its obligations to Defendant, and,

(e) It would be inequitable for Defendant to derail the Debtor's restructuring efforts for its sole benefit by cutting the Debtor's access to outside capital from the Plan Funders.

Accordingly, injunctive relief is required to prevent irreparable harm to the Debtor, its estate and all stakeholders in the Chapter 11 Case.

**B.     The Debtor Has A Strong Probability Of A Successful Reorganization**

In the bankruptcy context, "likelihood of success on the merits" is defined as the probability of a successful reorganization. *In re Otero Mills, Inc.*, 25 B.R. 1018, 1021 (D. N.M. 1982). Few cases address the specificity of proof required to show a probability of successful reorganization. Indeed, in many cases the debtor applies for a section 105(a) injunction to restrain court proceedings against third parties at the early stages of the bankruptcy. As a consequence, typically no plan of reorganization yet appears on the court docket. In this regard, the court in *Otero Mills* indicated that:

> Chapter 11 proceedings are equitable in nature (citations omitted). At the beginning of the reorganization process, a court must work with less evidence than might be desirable and should resolve issues in favor of reorganization (citations omitted). Appellant argues that successful reorganization by [the debtor] is speculative. Although reorganization by any bankrupt may be speculative early in the proceedings, Appellant is protected in that if a reorganization plan is not approved, it may apply to the Bankruptcy Court to lift the injunction.

*Id.* at 1022.

Here, the Debtor filed its bankruptcy petition on February 15, 2011. The Debtor has obtained DIP financing, obtained $7 million in third-party contributions -- $5 million of which will be used to pay down Defendant's secured claim -- and filed a plan of reorganization and disclosure statement on July 17, 2011. The Debtor is working to further its restructuring efforts, and is working with its stakeholders to emerge from chapter 11. The Debtor's substantial achievements since the Petition Date could be jeopardized if the estate is unnecessarily depleted by paying judgment creditors who think they have found a way around the automatic stay.

Therefore, the Court should enjoin the Defendant from prosecuting the State Court Action to judgment against the Guarantors to avoid the unnecessary depletion of the estate and to preserve the Debtor's reorganization efforts.

### C.   The Balance of Hardships Weighs in Favor of Granting Injunctive Relief.

In *Zenith*, 104 B.R. 665, the court recognized that a stay of "several months" would not "greatly harm" the interest of the party pursuing litigation against the non-debtor. *Id.* at 666. Similarly, in *Johns-Manville Corp.*, 26 B.R. 420, the court acknowledged that the harm occasioned by a delay in litigation was outweighed by the harm that the debtor would suffer by the continuation of the litigation. *Id.*; *see also Hurst Lincoln-Mercury, Inc.*, 72 B.R. at 749 (wherein the court stated that "a delay in the state court action while the Chapter 11 issues are being resolved here cannot be seriously prejudicial to defendants").

In the instant case, the Debtor is seeking to enjoin the continuation of the State Court Action and enforcement of any judgment stemming therefrom against the Guarantors not only to afford the Debtor an opportunity to confirm its plan of reorganization that will allow the Debtor to emerge from chapter 11, but also to avoid the unfair result of subjecting the Guarantors to legal jeopardy. The Debtor's reorganization prospects will be seriously hampered if the Defendant is not enjoined from prosecuting the State Court Action against the Guarantors. On the other hand, the injunctive relief sought by the Debtor will not prejudice the Defendant because the Defendant's rights against the Debtor in the Chapter 11 Case are unaffected and the Debtor's plan of reorganization proposed to pay the Defendant in full over time. The Defendant can and should pursue its claims against the Debtor in the Chapter 11 Case.

**D.    The Public Interest Favors the Issuance of an Injunction.**

In the bankruptcy setting, the public interest lies in promoting successful reorganizations. *In re Otero Mills*, 25 B.R. at 1021; *see also In re Zenith Laboratories, Inc.*, 104 B.R. at 666 (wherein the court stated "the public interest in permitting the debtor the space it needs in order to rehabilitate itself would also be served by a stay"). *In re Integrated Health Services, Inc.*, 281 B.R. 231, 239 (Bankr. D.Del. 2002) ("[P]romoting a successful reorganization is one of the most important public interests"). The public interest clearly lies in promoting reorganization, preserving jobs and protecting parties from frivolous litigation in order to garner an unfair advantage in the bankruptcy claim reconciliation process.

Accordingly, there is no doubt that, in this case, the public interest favors the entry of the injunction requested herein and the relief should be granted.

## II. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS PROCEEDING.

Plaintiff bases its authority for the Court to grant injunctive relief on 11 U.S.C. §§362(a), 105, 1129 and Fed.R.Civ.P. Rule 65. 11 U.S.C. §362(a)(1), (3) and (6), the relevant provisions, state:

> § 362. Automatic stay
>
> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (emphasis supplied).
>
> 11 U.S.C. §541(a)(7) states as follows: § 541. Property of the estate
>
> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (7) Any interest in property that the estate acquires after the commencement of the case.

*See, e.g., In re Carroll*, 903 F.2d 1266 (9th Cir. 1990); *In re Albion Disposal, Inc.*, 217 B.R. 394 (W.D.N.Y. 1997). 11 U.S.C. §105(a) and (c) state as follows:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No

> provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
>
> (c) The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation. (emphasis supplied).

As set forth above, 11 U.S.C. §105 may be used to protect the Guarantors from ongoing litigation and/ or collection efforts on the various guarantees. *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 141 (2d Cir. 2005).

There is no question that the Court can enjoin a litigant from commencing or prosecuting litigation in a forum other than the Bankruptcy Court. The court, in *Speleos v. McCarthy*, 201 B.R. 325 (D.D.C. 1996) stated:

> The bankruptcy court's order enjoins Speleos from filing suit in any court against the trustee or the trustee's agents concerning the administration of her bankruptcy without leave of the bankruptcy court. While it is established that district courts may enjoin vexatious litigants in this manner, see In re Green, 669 F.2d 779 (D.C.Cir.1981), their authority to do so derives, not from (the analogous) F.R.Civ.P. 11, but from an "obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir.1984). If the power to enjoin vexatious litigants cannot be found in Rule 9011, it may have been granted as part of the bankruptcy court's statutory authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a). And, one appellate court has found that bankruptcy courts have "inherent powers," as district courts do, "based on the need to control court proceedings and the necessity of protecting the exercise of judicial authority in connection with those proceedings." Citizens Bank & Trust Co. v. Case, 937 F.2d 1014, 1023 (5th Cir.1991). 201 B.R. 325, 330.

*In Celotex Corp. v. Edwards*, 514 U.S. 300, 313. (1995) the Court stated:

> We have made clear that " '[i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.' " Walker v. Birmingham, 388 U.S. 307, 314, 87 S.Ct. 1824, 1828, 18 L.Ed.2d 1210 (1967) (quoting Howat v. Kansas, 258 U.S. 181, 189-190, 42 S.Ct. 277, 281, 66 L.Ed. 550 (1922)). If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done. See Celotex II, 140 B.R., at 912. If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal "to the district court for the judicial district in which the bankruptcy judge is serving," see 28 U.S.C. § 158(a), and then to the Court of Appeals for the Eleventh Circuit, see § 158(d). Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

*Celotex Corp. v. Edwards* 514 U.S. 300, 313, 115 S.Ct. 1493, 1501 (1995)

Not surprisingly, the Supreme Court, in *Celotex, Id.* endorsed a more liberal and expansive view of Bankruptcy Court jurisdiction in the context of reorganization than liquidation, stating:

> In light of these findings by the Bankruptcy Court, it is relevant to note that we are dealing here with a reorganization under Chapter 11, rather than a liquidation under Chapter 7. The jurisdiction of bankruptcy courts may extend more broadly in the former case than in the latter.

Id. at 310. In light of the foregoing, the Debtor hereby seeks the issuance of a temporary injunction against the continued prosecution of the State court Action against the Guarantors pending confirmation of a plan of reorganization proposed by the Debtor.

## CONCLUSION

Based on the foregoing facts and authorities, the Debtor submits that the preliminary injunction requested herein is appropriate, and respectfully requests that the Court

enjoin Defendant from prosecuting the State Court Action against the Guarantors until such time as the Debtor confirms a plan of reorganization in the Chapter 11 Case or its Chapter 11 Case is otherwise concluded.

Dated: October 27, 2011                                **LOWENSTEIN SANDLER PC**

                                                     */s/ John K. Sherwood*
                                                     Kenneth A. Rosen, Esq. (KR 4963)
                                                     John K. Sherwood, Esq. (JS 2453)
                                                     Wojciech F. Jung, Esq. (WJ 2047)
                                                     65 Livingston Avenue
                                                     Roseland, New Jersey 07068
                                                     Tel: (973) 597-2500
                                                     Fax: (973) 597-2400

                                                     *Counsel to the Plaintiff*